COHEN, LEDER, MONTALBANO & GROSSMAN, L.L.C.
1700 Galloping Hill Road
Kenilworth, New Jersey 07033
908-298-8800
*Attorneys for Defendant, International Brotherhood of Electrical Workers Local Union 94*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| ROBERT THACKER, | DOCKET NO. |
| Plaintiff, | |
| -v- | |
| PUBLIC SERVICE ELECTRIC & GAS, a corporation of the State of New Jersey; and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS-LOCAL UNION 94, | **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Defendants. | |

Defendant, Local Union 94 of the International Brotherhood of Electrical Workers (herein "Local 94"), a labor organization with principal offices at 219 Franklin Street, Highstown, New Jersey, 08520, by and through its attorneys, by way of Answer, hereby states as follows:

### ANSWER TO FIRST COUNT

1. Defendant admits the allegations contained in ¶1 of Plaintiff's Complaint.

2. Defendant is without sufficient knowledge, information and belief as to the allegations contained in ¶2 of Plaintiff's Complaint and accordingly neither admits or denies the same and leaves Plaintiff to its proofs.

3. Defendant admits the allegations contained in ¶3 of Plaintiff's Complaint to the extent that at one time, the Plaintiff was employed by PSE&G, and during which time he was a member of the bargaining unit represented by Local 94.  Defendant neither admits nor denies the remaining allegations contained in ¶3 of Plaintiff's Complaint as the same call for legal conclusions and accordingly leaves Plaintiff to its proofs.

4.  Defendant neither admits nor denies the allegations contained in ¶4 of Plaintiff's Complaint as the same call for legal conclusions and accordingly leaves Plaintiff to its proofs.

5.  Defendant is without sufficient knowledge, information and belief as to the allegations contained in ¶5 of Plaintiff's Complaint and accordingly neither admits nor denies the same and leaves Plaintiff to its proofs.

6.  Defendant admits the allegations contained in ¶6 of Plaintiff's Complaint to the extent that the Plaintiff's employment with PSE&G was terminated effective February 2, 2007. Defendant neither admits nor denies the remaining allegation contained in ¶6 of Plaintiff's Complaint as the same calls for a legal conclusion and accordingly leaves Plaintiff to its proofs.

7.  Defendant neither admits nor denies the allegations contained in ¶7 of Plaintiff's Complaint as the same call for legal conclusions and accordingly leaves Plaintiff to its proofs.

8.  Defendant denies the allegations contained in ¶8 of Plaintiff's Complaint.

9.  Defendant admits he allegations contained in ¶9 of Plaintiff's Complaint.

10.  Defendant denies the allegations contained in ¶10 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, Local 94, respectfully requests a determination dismissing each and every Count and/or Claim in Plaintiff's Complaint with Prejudice, together with such other relief as the Court may deem appropriate.

## ANSWER TO SECOND COUNT

1. Defendant, Local 94 hereby repeats its Answers to each and every allegation contained in the preceding Counts of Plaintiffs' Complaint as though set forth at length herein and incorporate the same by reference.

2. Defendant denies the allegations contained in ¶2 of Plaintiff's Complaint to the extent that the allegations apply to Local 94. Defendant neither admits nor denies the allegations contained in ¶2 of Plaintiff's Complaint as such allegations apply to the remaining Defendant, PSE&G, as the same call for legal conclusions and accordingly leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant, Local 94, respectfully requests a determination dismissing each and every Count and/or Claim in Plaintiff's Complaint with Prejudice, together with such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES
### FIRST SEPARATE DEFENSE

1. The language of Plaintiff's Complaint does not specifically allege that Local 94 breached its duty of fair representation, as such duty is set forth in THE NATIONAL LABOR RELATIONS ACT, 29 U.S.C. § 151 *et seq.* However, in ¶ 8 of his Complaint, the Plaintiff alleges that Local 94 "breached and failed to meet their obligations to [P]laintiff during the process and failed to adequately assist and provide a defense to [P]laintiff and to appeal the termination which they were otherwise obligated to do pursuant to the Collective Bargaining Agreement, and Union Constitution." This language clearly alleges a breach of the duty of fair representation.

2. The statute of limitations applicable to an employee's action for an action alleging a labor union's breach of duty of fair representation is the six-month limitations period set forth in THE NATIONAL LABOR RELATIONS ACT. *DelCostello v. Int'lBroth. of Teamsters*, 462 U.S. 151 (1983).

3. By letter dated March 19, 2007 to Plaintiff, Local 94 advised the Plaintiff that "the duly constituted body giving fair and impartial evaluation of whether, to process the Company's fourth step answer to arbitration has voted not to process the Company's answer any further…IBEW will take no further action on this grievance."

4. This correspondence constituted formal notice that Local 94 would not proceed to arbitration on Plaintiff's underlying grievance. Thus, Plaintiff received notice of any alleged breach of duty of fair representation on March 19, 2007.

5. The six-month statute of limitations for bringing an action alleging a breach of duty of fair representation expired on September 19, 2007.

6. Plaintiff filed his Complaint in the Superior Court of New Jersey, Monmouth County-Law Division on June 5, 2008, over eight months *after* the six-month limitations period expired.

**Wherefore,** Plaintiff's claims are barred for failing to file said claims within the applicable limitations period.

**SECOND SEPARATE DEFENSE**

1. Plaintiff's claims against Local 94 are time-barred by the six-month limitations period that governs action alleging breach of duty of fair representation. *DelCostello v. Int'lBroth. of Teamsters*, 462 U.S. 151 (1983).

2. As such, Plaintiff's Complaint does not state any claim upon which can be granted.

**Wherefore,** Plaintiff's Complaint is barred by failure to state a claim upon which relief can be granted.

## THIRD SEPARATE DEFENSE

**Wherefore**, Defendant, Local 94 reserves the right to rely on any defense which may become available during the course of discovery or at Trial.

**Wherefore**, Defendant, Local 94 respectfully requests a determination dismissing each and every Count and/or Claim in the Complaint of Plaintiff with Prejudice, together with such other relief as the Court may deem appropriate.

Date: July 14, 2008.

        Respectfully Submitted,
        COHEN, LEDER,
        MONTALBANO & GROSSMAN, LLC.
        *Attorneys for Defendant, International Brotherhood of Electrical Worker, Local Union 94*

        By: \_\_\_\_/s/\_Matthew G. Connaughton_____
             MATTHEW G. CONNAUGHTON

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Paul A. Montalbano is designated as trial counsel for the Defendant, Local 94, in the above matter.

Date: July 14, 2008

By:     /s/ Paul A. Montalbano  
      PAUL A. MONTALBANO

## CERTIFICATION

This is to certify that a copy of the within Answer has been served within the period of time as extended prescribed by the Rules of Court.

Date: July 14, 2008

By:     /s/ Matthew G. Connaughton  
      MATTHEW G. CONNAUGHTON

## CERTIFICATION OF SERVICE

I hereby certify that on this 15th day of July, 2008 I caused a true and correct copy of the foregoing Answer to Complaint and Affirmative Defenses on Behalf of Defendant, Local 94, IBEW, to be served by first class mail upon: **EUGENE M. LaVERGNE, Vantage Point-Suite 2A, 100 Highway 36 East, West Long Branch, New Jersey 07764,** *Attorneys for Plaintiff*

Date: July 14, 2008

COHEN, LEDER, MONTALBANO & GROSSMAN, LLC.  
1700 Galloping Hill Road  
Kenilworth, New Jersey 07033  
*Attorneys for Defendant, International Brotherhood of Electrical Worker, Local Union 94*

By:     /s/ Matthew G. Connaughton  
      MATTHEW G. CONNAUGHTON
